UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL GORDON,** | **2:25-CV-11132-TGB-KGA** |
| Plaintiff, | HON. TERRENCE G. BERG |
| v. | **ORDER GRANTING** |
| **SUN LIFE ASSURANCE CO. OF CANADA,** | **DEFENDANT'S MOTION TO DISMISS (ECF NO. 4)** |
| Defendant. | |

Before the Court is Defendant Sun Life Assurance Company of Canada ("Sun Life")'s Motion to Dismiss Plaintiff Michael Gordon ("Gordon")'s Complaint under Federal Rule of Civil Procedure 12(b)(6). ECF No. 4. The Court granted Plaintiff leave to amend the complaint or respond to the motion, in which case dismissal might be with prejudice. ECF No. 5. Plaintiff did not amend the complaint, and the motion was fully briefed on August 14, 2025. *See* ECF Nos. 6 & 7. For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 4) will be **GRANTED**.

## I. BACKGROUND

On March 18, 2025, Plaintiff Michael Gordon filed in Macomb County Circuit Court the above-entitled civil action (Case No. 25-001158) against Defendant Sun Life Assurance Company of Canada, a foreign insurance company. Compl., ECF No. 1, PageID.9, ¶ 2. Plaintiff claims that, due to injuries sustained in a March 21, 2019 traffic accident, he is

entitled to long-term disability ("LTD") benefits. More specifically, in the Complaint, Plaintiff alleges that:

7. On March 21, 2019, Michael Gordon was t-boned and sustained serious accidental bodily injuries.

8. Michael Gordon was transported by ambulance to Garden City Hospital and was diagnosed with Grade 1 retrolisthesis of L5-S1 and was discharged.

9. Subsequently, Michael Gordon was diagnosed with a Closed Head Injury, Temporomandibular Joint Dysfunction, Cephalgia, Back Injury, and Cervicalgia by his treating doctors.

10. As a result of the crash, Plaintiff suffered, and continues to suffer, from significant accidental bodily injuries and symptoms including but not limited to: a. Diffuse traumatic brain injury; b. Headaches; c. Memory Loss; d. Impaired cognitive function; e. Impaired concentration; f. Impaired vision; g. Back injury; h. Temporomandibular Joint Dysfunction; i. Cephalgia; j. Cervicalgia; k. Shoulder injury; and l. Neck injury.

Compl., ECF No. 1, PageID.9-10. Following the incident, Gordon "attempted to return to work but was unable to complete his tasks as he had prior to the crash." *Id.* at ¶ 11. He alleges that at the time of the incident, "[he] was insured with [Sun Life] under the provisions of the subject insurance policy issued by [Sun Life] that was then in effect and for which applicable premiums were paid." *Id.* at ¶ 6. Plaintiff admitted that he claims to be entitled to long-term disability ("LTD") benefits under an ERISA governed group insurance policy issued by Sun Life to

his employer, Prime Healthcare Services ("Group Policy"). Resp., ECF No. 6, PageID.131, ¶ 2. Gordon alleges he made a "claim for all benefits owed under the terms of the insurance policy issued by Defendant," but Sun Life "unreasonably denied" benefits. Compl., ECF No. 1, at ¶¶ 12-13.

Plaintiff alleges three counts against Sun Life: one count for breach of contract under Michigan law, one count for violation of the terms of the Plan in violation of federal ERISA § 502(A)(l)(B), and one count for breach of fiduciary duty in violation of ERISA § 502(A)(3). *See id.* at ¶ 16 ("Under the terms and conditions of the Defendant's policy, it became obligated to pay disability benefits to Michael Gordon."), ¶ 20 ("The denial of Plaintiff's disability benefit payments are in direct violation of the terms of the Plan."), ¶ 27 ("Defendant's actions in discontinuing Plaintiff's benefits, refusing to reinstate them, and failing to provide an accurate accounting violated . . . its fiduciary duties[.]"). Under each count, Plaintiff seeks a "declaratory judgment under ERISA §502(a)(l)(B), 29 USC 1132(a)(l)(B), declaring that Plaintiff is entitled to continuation of the group disability benefits in the proper amounts as set forth in the Plan in effect at the time benefits became payable and that Company has violated the Plan and its fiduciary duties by discontinuing these benefits." *Id.* at ¶¶ 18(a), 24(a), 27(a).

Defendant filed a Motion to Dismiss the Complaint on the basis that the claims are time-barred under a three-year contractual limitations provision in the Group Policy. ECF No. 4. The Group Policy is attached

to Sun Life's Motion to Dismiss. *See* ECF No. 4-1, PageID.53-127. In relevant part, the Group Policy provides that it is "subject to the laws of" California. *Id.* at PageID.53. It also provides that "[n]o legal action brought to recover on this Policy may start: 1. until 60 days after Proof of Claim has been given; nor 2. more than 3 years after the time Proof of Claim is required." *Id.* at PageID.108 ("Contractual Limitation Period"). "Proof of Claim must be given to Sun Life: . . . for Long Term Disability - no later than 90 days after the end of the Elimination Period," *id.* at PageID.110, which is a 180-days "period of continuous days of Total or Partial Disability for which no LTD Benefit is payable" beginning "on the first day of Total or Partial Disability," *id.* at PageID.69, 76. Nonetheless, "[i]f it is not possible to give Proof of Claim within these time limits, it must be given as soon as reasonably possible" but no "later than 1 year after the time Proof is otherwise required unless the individual is legally incompetent." *Id.* at PageID.110.

## II. LEGAL STANDARD

In ruling on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted," the Court "must construe the complaint in the light most favorable to the plaintiff and accept all allegations as true," *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012), and determine whether it appears "beyond doubt that the plaintiff can prove no set of facts in

support of his claim that would entitle him to relief." *Ready v. Ford Motor Co.*, 848 F.2d 193 (Table), 1988 WL 41153, at *4 (6th Cir. 1988).

Federal Rule of Civil Procedure 8(a) calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Though this standard is liberal, it requires a plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" to support their grounds for entitlement to relief. *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Under *Iqbal*, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Moreover, Federal Rule of Civil Procedure 9(f) makes "allegation[s] of time or place [ ] material when testing the sufficiency of a pleading."

A court "considering a Rule 12(b)(6) motion may review exhibits attached to the complaint as well as items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Diei v. Boyd*, 116 F.4th 637, 643 (6th Cir. 2024). In ERISA cases, courts regularly consider the Plan documents and the administrative record under Rule 12(b)(6). *See, e.g., Marshall v. Metro. Life Ins. Co.*, 693 F. Supp. 3d 777, 780 (E.D. Mich. Sep. 22, 2023)(Kumar, J.) (considering the plan documents and administrative record showing

5

the application of plan terms to the suit on a motion to dismiss an ERISA claim); *Claerhout v. Nexteer Auto. Corp.*, No. 18-12556, 2019 WL 1779570, at *2 (E.D. Mich. Apr. 23, 2019)(Ludington, J.) ("[T]he court may consider the plan document and notification letters showing the application of plan terms to the instant Plaintiff without converting the motion to a summary judgment motion.").[1]

## III. DISCUSSION

First, Defendant argues that Plaintiff's first Count for common law breach of contract, seeking long-term disability benefits under the Plan, must be dismissed for failure to state a claim because it is preempted by ERISA. Plaintiff did not respond to this argument. "[A]ny state law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004). Courts routinely dismiss such claims as preempted by ERISA, and so will this Court. *See, e.g.*, *White v. Aetna Life Ins. Co.*, 2019 WL 2288447, at *4 (W.D. Ky. May 29, 2019)

---

[1] Plaintiff argues that considering the Declaration of Steven J. Leask authenticating the Group Policy would transmute the motion to dismiss into one for summary judgment. ECF No. 6, PageID.146-47. But Plaintiff does not dispute that the Policy was referred to in the Complaint or that it is central to Plaintiff's claims. *See, e.g.*, Compl., ECF No. 1, ¶¶ 12, 16, 18, 24. And Plaintiff admitted that he claims he is entitled to benefits under this Group Policy. Resp., ECF No. 6, PageID.131, ¶ 2. Therefore, Defendant's request that the Court take judicial notice of the Group Policy is **GRANTED**.

("The Court agrees that the breach of contract claim is preempted as Plaintiff expressly seeks to recover long-term disability benefits allegedly due to her under the Plan."); *Brookbank v. Anthem Life Ins. Co.*, 2016 WL 1611380, at \*14 (S.D. Ohio Apr. 20, 2016), *report and recommendation adopted*, 2016 WL 2853578 (S.D. Ohio May 16, 2016) ("To the extent the complaint alleges state law claims for breach of contract and breach of the duty of good faith based on the allegation that Anthem breached it obligation to pay plaintiff disability benefits, her claims are preempted by ERISA.").

Next, Defendant argues all the claims are time-barred under a three-year contractual limitations provision contained in the Group Policy. *See* Group Policy, ECF No. 4-1, PageID.108. Under the Group Policy, no legal action may be filed more than three years after the time Proof of Claim is required, which itself must be given no later than 90 days (or one year) after 180 days after the disabling incident. ECF No. 4-1, PageID.69, 76, 108, 110. Plaintiff's disability allegedly started on March 21, 2019, the date of the incident. Compl., ECF No. 1, ¶ 4. His Proof of Claim was required to be given to Sun Life by December 16, 2019 (180 days for the Elimination Period and 90 days for the Proof of Claim), and in no event later than December 16, 2020. Thus, under the three-year Contractual Limitation Period, Plaintiff had until December 16, 2022—and in no event later than December 16, 2023—to file the instant

Complaint. But Plaintiff waited another 15 months until March 18, 2025 to file the Complaint.

Plaintiff does not dispute that the action was untimely filed under the three-year Contractual Limitation Period. Instead, Plaintiff argues the action was timely filed under Michigan's six-year statute of limitations, and that the Contractual Limitation Period is unenforceable under Michigan law because it impermissibly shortens the limitations period in violation of Michigan Administrative Code Rule 500.2212. Defendant responds that the Group Policy contains a choice-of-law provision calling for the application of California law, under which the instant Contractual Limitation Period is enforceable. Defendant also argues that, in any event, Rule 500.2212 is inapplicable to this case.

The Employee Retirement Income Security Act ("ERISA") does not explicitly provide a statute of limitations for benefit claims. *Patterson v. Chrysler Grp, LLC*, 845 F.3d 756, 762 (6th Cir. 2017). But ERISA plans are governed by "federal common law rules of contract interpretation." *Perez v. Aetna Life Ins. Co.*, 150 F.3d 550, 556 (6th Cir. 1998) (citation omitted). Thus, "courts fill the statutory gap using federal common law." *Patterson*, 845 F.3d at 762 (citations omitted). In the Sixth Circuit, courts "appl[y] 'the most analogous state statute of limitations' of the forum state." *Id.* (citing *Santino v. Provident Life & Accident Ins. Co.*, 276 F.3d 772, 776 (6th Cir. 2001)).

8

However, when an ERISA plan contains a provision "validly limit[ing] . . . the time for bringing an action on such contract to a period less than that prescribed in the general statute of limitations," courts "must give effect to the Plan's limitation provision unless [the courts] determine either that the period is unreasonably short, or that a 'controlling statute' prevents the limitations provision from taking effect." *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 107-09 (2013) (citing *Order of United Commercial Travelers of America v. Wolfe*, 331 U.S. 586, 608 (1947)). When such a provision is enforceable, "the limitations period is not governed by a state statute of limitations, but rather a *contractual* one." *Rice v. Jefferson Pilot Fin. Ins. Co.*, 578 F.3d 450, 455 (6th Cir. 2009) (emphasis in original). But if such a provision is unenforceable, then the applicable state limitation period applies as if the "plan [did] not provide a limitations period." *See Marshall*, 693 F. Supp. 3d at 782–83.

Here, the forum state is Michigan, and the Sixth Circuit has found that "the most analogous Michigan cause of action to a denial-of-benefits claim . . . is breach of contract," which has a six-year statute of limitations under Michigan law. *Patterson*, 845 F.3d at 763 (citing *Santino*, 276 F.3d at 776; then Mich. Comp. Laws § 600.5807 (2016)). But here, as stated, the terms of the Group Policy include a three-year Contractual Limitation Period. *See* ECF No. 4-1, PageID.108 ("No legal action brought to recover on this Policy may start . . . more than 3 years after the time

Proof of Claim is required."). Thus, as long as the three-year contractual limitations provision is "reasonable" and no "controlling statute" prevents its enforcement, it will apply to bar Plaintiff's claims. *See Heimeshoff*, 571 U.S. at 109.

### A. "Controlling Statute"

The parties disagree as to which state law is "controlling" in determining whether the three-year Contractual Limitation Period is enforceable. *See Heimeshoff*, 571 U.S. at 104 (noting that the district court applied Connecticut law to determine that the Plan was permitted to specify a limitations period expiring "[not] less than one year from the time when the loss insured against occurs"); *Rice*, 578 F.3d at 455 (looking to Ohio law to determine whether "parties to a contract may validly agree to a limitations period different from the state statute of limitations" in ERISA case).

Defendant argues that the Group Policy contains a choice-of-law provision calling for the application of California law, *see* ECF No. 4-1, PageID.53, which enforces similar contractual limitations provisions. Plaintiff argues that Michigan law applies, as the law of the forum state, and that Michigan Administrative Code Rule 500.2212 voids the contractual limitations provision, rendering the action timely under Michigan's six-year limitations period.

This Court's "analysis is governed by the choice of law principles derived from federal common law." *DaimlerChrysler Corp. Healthcare*

*Benefits Plan v. Durden*, 448 F.3d 918, 922 (6th Cir. 2006) (citing *Med. Mutual of Ohio v. deSoto*, 245 F.3d 561, 570 (6th Cir. 2001)). But "[i]n the absence of any established body of federal choice of law rules," *id.*, federal courts "apply the choice-of-law rules of the forum state" in interpreting a contract involving application of state law, *White v. ACell, Inc.*, 779 F. App'x 359, 363 (6th Cir. 2019). In the Sixth Circuit, federal courts applying Michigan choice-of-law rules "turn . . . for direction" to the Restatement (Second) of Conflict of Laws, Section 187, which "provides the framework for determining whether a choice of law provision in a contract is given effect" in an ERISA case. *Durden*, 448 F.3d at 922*; see also White*, 779 F. App'x at 363 (stating that "Michigan follows § 187 of the Restatement (Second) of Conflict of Laws" when a contract contains a choice-of-law clause). The Restatement (Second) of Conflict of Laws, Section 187 provides that:

> (1) The law of the state chosen by the parties to govern their contractual rights and duties will be applied if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue.
>
> (2) The law of the state chosen by the parties to govern their contractual rights and duties will be applied, even if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue, unless either
>
> > (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or

11

(b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

(3) In the absence of a contrary indication of intention, the reference is to the local law of the state of the chosen law.

Rest.2d Conflict of Laws § 187 (1971).

"The first step of analysis under section 187 is to determine whether the contractual parties could have resolved the particular issue being litigated by an explicit provision in the contract." *Durden*, 448 F.3d at 922. "If they could have, then the choice of law provision is enforceable," and "[u]nder such circumstances, there are no exceptions." *Id.* In this case, we must therefore evaluate whether the Group Policy could have contained an express provision addressing the limitations period for the claims at issue. Because ERISA allows parties to contract to a specific period of limitations as long as it is reasonable and enforceable, the parties "could have resolved the issue" of the applicable limitations period with an express provision. *Compare Durden*, 448 F.3d at 922 (finding that the parties to the Plan "could not have resolved the issue" because "ERISA provides that the terms of a plan alone cannot prevent survivor's benefits from being paid to the surviving spouse").

Plaintiff did not attempt to argue otherwise, and instead, solely focused on the second prong of the analysis, arguing that California has

12

"no substantial relationship to the parties" and application of California law would be "contrary to a fundamental policy of" Michigan.[2] But Plaintiff's policy arguments are unavailing in determining which law to apply, because Section 187(2) does not provide additional grounds to set aside a choice-of-law provision in a contract which could have resolved the litigated issue. As the Supreme Court said, "[u]nder such circumstances, there are no exceptions." *Durden*, 448 F.3d at 922.

Therefore, because the parties could have resolved the issue by an explicit provision—and in fact did so—Michigan's choice-of-law rules call for the application of California law as the contract's choice-of-law provision. Plaintiff did not cite any caselaw rebutting Defendant's showing that federal courts in California have found similar contractual limitations provisions in ERISA Plans to be enforceable. *See, e.g.*, *Upadhyay v. Aetna Life Ins. Co.*, 645 F. App'x 569, 570 (9th Cir. 2016) (enforcing Plan's three-year contractual limitation period); *Torres v. United Healthcare Ins. Co.*, No. CV 23-1533-KK-SKX, 2024 WL 3498861, at *7 (C.D. Cal. June 28, 2024), *vacated and remanded on other grounds*

---

[2] Plaintiff's citation to *Allstate Imaging, Inc. v. First Indep. Bank*, No. 08-CV-11363, 2010 WL 1524058, at *1 (E.D. Mich. Apr. 15, 2010) is misplaced because choice-of-law rules are different in diversity jurisdiction cases and federal question jurisdiction cases. Here, in an ERISA case, federal common law principles apply, and the Sixth Circuit has time and again applied the Restatement Second to decide whether to enforce a choice-of-law provision in an ERISA case when Michigan is the forum state. *See Durden*, 448 F.3d at 922*; see also White*, 779 F. App'x at 363.

13

*sub nom. Torres v. UnitedHealthcare Ins. Co.*, No. 24-4502, 2025 WL 3079972 (9th Cir. Nov. 4, 2025) ("The parties agree that, under the contractual limitations period of the Plan, the instant action must be filed within 'three years after the time written proof is required to be furnished.'"). Therefore, no "controlling statute" prevents the enforcement of the contractual limitations provision in this case.

### B. Reasonable

To the extent Plaintiff argues the three-year Contractual Limitation Period is "unreasonable" because it is contrary to Michigan Administrative Code Rule 500.2212, that argument is similarly unavailing.

First, similar contractual limitations periods have been upheld and found to be reasonable in this Circuit. *See Rice*, 578 F.3d at 454 (finding plan's "three-years from date the claim arose" limitations provision to be reasonable); *Med. Mut. of Ohio v. k. Amalia Enters. Inc.*, 548 F.3d 383, 391 (6th Cir. 2008) ("Because the contract language clearly states that the parties shall have . . . three years to bring the claim at issue and [Plaintiff-Appellant] did not present arguments indicating that a limitations period of . . . three years would be unreasonable, we find no reason to believe that the contractual limitations provision here is unreasonable."); *Roback*, 2010 WL 4286180, at *6 (finding three-year limitations provision to be reasonable); *Allen v. Unionmutual Stock Life Ins. Co. of Am.*, 989 F. Supp. 961, 965 (S.D. Ohio Dec. 30, 1997) ("[T]his

14

Court holds that the three year limitations period is reasonable and enforceable. Plaintiffs suit in 1995 is outside the three year limitations period and, accordingly, her claim is time-barred."). This Court similarly finds that the application of the three-year contractual limitation period is reasonable in this case.

Second, even assuming Michigan's public policy interests should be considered, Michigan courts generally hold that insurance contracts may contain shortened limitations provisions. *See Rory v. Cont'l Ins. Co.*, 473 Mich. 457, 470 (2005) (holding that "an unambiguous contractual provision providing for a shortened period of limitations is to be enforced as written unless the provision would violate law or public policy"); *Santino v. Provident Life & Acc. Ins. Co.*, 276 F.3d 772, 776 (6th Cir. 2001) (holding that despite Michigan's 6-year statute of limitation for breach of contract, "[t]he policies require [plaintiff] to bring any [ERISA] claim within three years of his written proof of loss" and plaintiff "agreed to the terms of the policies"). *Rory* also explained that "[o]nly recognized traditional contract defenses may be used to avoid the enforcement of the contract provision," such as "duress, waiver, estoppel, fraud, or unconscionability," as opposed to a "mere judicial assessment of 'reasonableness.'" 473 Mich. at 470.

Effective May 3, 2007, Rule 500.2212 did not overrule *Rory*, a 2005 decision, and *Rory* is still considered controlling law. *See DeFrain v. State Farm Mut. Auto. Ins. Co.*, 491 Mich. 359, 371 (2012) (noting that "the

15

Court of Appeals . . . erred by failing to treat this Court's opinion in Rory as controlling"). But Rule 500.2212 does provide that "shortened limitation of action clauses" in personal insurance policies "issued, advertised, or delivered" to any person *in Michigan* are void. Mich. Admin. Code R. 500.2212 (noting that "[a] shortened limitation of action clause unreasonably reduces the risk purported to be assumed in the general coverage of the policy within the meaning of MCL 500.2236(5)").[3]

---

[3] As a preliminary observation, the Court is not convinced that employer-sponsored long-term disability coverage can be considered personal insurance policies within the meaning of Rule 500.2212. Rule 500.2212 applies to "personal insurance polic[ies]" underwritten and sold on an individual or group basis for "personal, family, or household use." Mich. Admin. Code R. 500.2211(c)-(d). Thus, courts have found that Rule 500.2212 applies to uninsured motorist coverage, *see White v. Richardson*, No. 356307, 2022 WL 4390512, at *5 (Mich. Ct. App. Sep. 22, 2022), but it does not apply to "commercial insurance contracts," *Oakland-Macomb Interceptor Drain Drainage Dist. v. Zurich Am. Ins. Co.*, No. 13-CV-12399, 2013 WL 5638755, at *4 (E.D. Mich. Oct. 15, 2013)(Drain, J.); *see also Klas Mgmt., LLC v. Chubb Custom Ins. Co.*, No. 2:17-CV-12663, 2018 WL 3159676, at *2 (E.D. Mich. June 28, 2018)(Michelson, J.) (noting that Rule 500.2212, "prohibiting insurers from shortening statutory limitations periods[,] . . . appears to pertain only to 'personal insurance' policies, . . . and [plaintiff] has not explained why it should apply to commercial insurance" covering an apartment complex). Neither party cited federal case law applying Rule 500.2212 to a contractual limitations provision in an ERISA Plan. Since the rule was enacted in 2007, multiple courts in this District have continued to enforce contractual limitation provisions in ERISA Plans without discussing Rule 500.2212. *See, e.g., Brown v. Walgreens Income Protective Plan for Store Managers*, No. 10-CV-14442, 2013 WL 1040530, at *2 (E.D. Mich. Mar. 15, 2013)(Hood, J.); *Roback v. UPS Retired Employees' Healthcare Plan*, No. 09-CV-14478, 2010 WL 4286180, at *6 (E.D. Mich. Oct. 26,

Assuming (without deciding) that Rule 500.2212 applies to ERISA Plans, Defendant argues the rule does not apply *in this case* because the policy was not "issued, delivered, or advertised" in Michigan but in California. The Group Policy indicates that it was issued to Plaintiff's employer, Prime Healthcare Services, not to Plaintiff, and that it was "delivered in California." *See* Group Policy, ECF No. 4-1, PageID.53 ("Policyholder Prime Healthcare Services"); *id.* at PageID.72 ("Policyholder means the entity to whom the Policy is issued."); Resp., ECF No. 6, PageID.131, ¶ 2 (admitting that Plaintiff's benefit claims arise under an ERISA-governed group insurance policy issued by Sun Life to his employer, Prime Healthcare Services"). To the extent Plaintiff argues that whether the Group Policy was advertised in Michigan is an issue of fact, he made no such allegations in the Complaint, and "allegation[s] of time or place [are] material when testing the sufficiency of a pleading." Fed. R. Civ. P. 9(f). The Court provided Plaintiff with an opportunity to amend the Complaint to plead any facts that could allow him to claim the protections of Rule 500.2212, *see* ECF No. 5, but Plaintiff chose not to do so.

---

2010)(Rosen, J.). The Court's research revealed one decision from this District holding that Rule 500.2212 voided such a provision in an ERISA Plan, but that decision did not discuss whether the Plan could be considered a "personal insurance policy" within the meaning of the rule. *See Marshall*, 693 F. Supp. 3d at 779. As the argument was not raised, and Rule 500.2212 is inapplicable for other reasons, this Court need not resolve the question.

17

While Plaintiff contends that Rule 500.2212 makes no exceptions for "out-of-state" policies, a plain reading of the rule refutes this position. As the Michigan Court of Appeals stated:

> In reviewing the plain language of Rule 500.2212(2) and (3), it is clear that it applies to insurance policies "issue[d], advertise[d], or deliver[ed] to any person *in this state.*" Rule 500.2212(2) (emphasis added). . . . The UM policy was not issued, advertised, or delivered to any person in Michigan, and therefore, on the basis of the plain language of Rule 500.2212, that rule is not applicable to the UM policy issued by defendant.

*White v. Richardson*, No. 356307, 2022 WL 4390512, at *5 (Mich. Ct. App. Sep. 22, 2022). Plaintiff's position loses more ground in light of the Sixth Circuit's decision finding another Michigan Administrative Code Rule regarding insurance "issued or delivered in this state" not to apply to a group insurance policy with beneficiaries employed in Michigan, because it was issued in Minnesota, and it was not issued or delivered in Michigan, within the meaning of the statute. *New England Mut. Life Ins. Co. v. Gray*, 786 F.2d 406, 408–09 (6th Cir. 1986). The same is true here: because the policy was not issued, delivered, or advertised in Michigan, Rule 500.2212 does not apply, even though Plaintiff, a beneficiary of the policy, lives in Michigan. Unfortunately for Plaintiff,

> There may be valid reasons for applying the [Rule] to group disability insurance policies issued outside Michigan when some of the beneficiaries of those policies reside in Michigan. However, the Michigan legislature and courts have not

18

extended the approval requirement to out-of-state-issued policies[.]

*Id.* at 409 (discussing Rule 500.3606). Plaintiff has not cited any case law holding that Rule 500.2212 applies to out-of-state policies. And but for Rule 500.2212, Plaintiff does not claim that the Contractual Limitation Period is otherwise unreasonable under Michigan law, California law, or federal law.

Therefore, the contractual limitations provision shortening the period of limitations to three years in this case is enforceable under California law, reasonable, and not contrary to Michigan public policy (to the extent Michigan law, as the law of the forum state, should be considered). *See Rory*, 473 Mich. at 470 (holding that "an unambiguous contractual provision providing for a shortened period of limitations is to be enforced as written unless the provision would violate law or public policy"). Because the contractual limitations provision in this case is reasonable and no "controlling statute" prevents the limitations provision from taking effect, Plaintiff's action must be **DISMISSED** as time-barred under the Contractual Limitation Period. *See Heimeshoff*, 571 U.S. at 109.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 4) is **GRANTED**. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**. This Order **CLOSES** the case.

**SO ORDERED.**

Date: March 31, 2026                    /s/Terrence G. Berg
                                         TERRENCE G. BERG
                                         UNITED STATES DISTRICT JUDGE